## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **Michael Corwin,** | * | Case No. 3:10-CV-02163 |
| | * | |
| Plaintiff, | * | JUDGE DAVID A. KATZ |
| | * | |
| vs. | * | **ANSWER, COUNTERCLAIM** |
| | * | **AND JURY DEMAND** |
| **Wesley James Quinonez,** | * | |
| | * | Larry P. Meyer (0030626) |
| | * | MANAHAN, PIETRYKOWSKI, |
| Defendant. | * | DeLANEY & WASIELEWSKI |
| | * | 414 N. Erie St., P. O. Box 2328 |
| | * | Toledo, Ohio 43603 |
| | * | PH:   (419) 243-6148 |
| | * | FAX:  (419) 241-7759 |
| | * | lmeyer@mpdwlaw.com |

Defendant Wesley James Quinonez states as follows in response to plaintiff's complaint.

### JURISDICTION AND PARTIES

1. Defendant denies that the amount in controversy exceeds $75,000.00. Defendant neither admits or denies the remainder of the allegations contained in paragraph 1.

2. Defendant neither admits nor denies the allegations contained in paragraph 2.

## FACTS

3. Defendant incorporates the prior paragraphs of this answer as if fully rewritten.

4. Defendant admits the allegations contained in paragraph 3.

5. Defendant admits the allegations contained in paragraph 4.

6. Defendant maintains that he is the sole author of the works in question and, therefore, denies the allegations contained in paragraph 5.

7. Defendant denies the allegations contained in paragraph 6.

8. Defendant admits only that plaintiff performed for a period of time as a member of Rediscover.

9. Defendant denies the allegations contained in paragraph 8.

10. Defendant admits only that plaintiff performed at times on tour as a member of the band Rediscover.

11. Defendant maintains that he is the sole author of the works at issue, and therefore denies the allegations contained in paragraph 10.

12. Defendant admits the allegations contained in paragraph 11.

## COUNT I - DECLARATORY JUDGMENT

13. Defendant incorporates the prior paragraphs of this answer as if fully rewritten.

14. Defendant admits only that an actual and substantial controversy exists between plaintiff and defendant arising under Federal Copyright law, 17 USC Section 101 et sequence. Defendant maintains that he is the sole author of the works in question, and therefore denies the remainder of the allegations contained in paragraphs 12 through 17, inclusive.

## COUNT II - ACCOUNTING

15. Defendant incorporates the prior paragraphs of this answer as if fully rewritten.

16. Defendant maintains that he is the sole author of the works in question, and therefore, denies plaintiff's right to an accounting and the remaining allegations contained in paragraphs 18 through 23, inclusive.

## COUNT III - CONSTRUCTIVE TRUST

17. Defendant incorporates the prior paragraphs of this answer as if fully rewritten.

18. Defendant maintains that he is the sole author of the works in question, and therefore, denies plaintiff's right to a constructive trust and the remaining allegations contained in paragraphs 24 through 27, inclusive.

## AFFIRMATIVE DEFENSE

19. Plaintiff's complaint fails to state a claim for which relief can be granted.

**WHEREFORE,** defendant prays that plaintiff's complaint be dismissed and that he may go hence without costs.

Respectfully submitted,

MANAHAN, PIETRYKOWSKI, DeLANEY & WASIELEWSKI

s/Larry P. Meyer
Larry P. Meyer (0030626)
414 N. Erie Street, P. O. Box 2328
Toledo, Ohio 43603
PH:   (419) 243-6148
FAX:  (419) 241-7759
lmeyer@mpdwlaw.com
Counsel for Defendant

3

## COUNTERCLAIM

For his counterclaim against plaintiff Michael Corwin, defendant states as follows:

## COUNT I - DECLARATORY JUDGMENT

1. Defendant incorporates the prior paragraphs of this answer as if fully rewritten.

2. Defendant maintains that there is an actual substantial controversy between plaintiff and defendant arising under Federal Copyright law, 17 USC 101 et sequence.

3. Defendant seeks a declaration from this Court that he is the sole author of the compositions at issue.

## COUNT II - ACCOUNTING

4. Defendant incorporates the prior paragraphs of this answer as if fully rewritten.

5. Plaintiff has registered songs with Broadcast Music, Inc., (BMI) including, but not necessarily limited to, the titles "Dance Transylvania" and "I Consume You" claiming a 200% share (i.e., 100% of the writer's share and 100% of the publisher's share).

6. Defendant maintains that he is the sole author of the works at issue, and even under the contested allegations of plaintiff's complaint, plaintiff is a co-author, at most. Defendant is entitled to an accounting of the income wrongly received and withheld by plaintiff.

## III - CONSTRUCTIVE TRUST

7. Defendant incorporates the prior paragraphs of this answer as if fully rewritten.

8. Plaintiff has registered songs with Broadcast Music, Inc., (BMI) including, but not necessarily limited to, the titles "Dance Transylvania" and "I Consume You" claiming a 200% share (i.e., 100% of the writer's share and 100% of the publisher's share).

9. Defendant maintains that he is the sole author of the works at issue, and even under the contested allegations of plaintiff's complaint, plaintiff is a co-author, at most. Defendant asks that funds received by plaintiff from his commercial exploitation of the songs at issue be held in trust for the benefit of defendant.

## VIOLATION OF CIVIL RULE 11

10. Defendant incorporates the prior paragraphs of this answer as if fully rewritten.

11. Plaintiff's complaint erroneously lists 33 song titles.  After deleting album titles and duplicate entries, 29 song titles are at issue.

12. On or about December 8, 2010, plaintiff was provided with 26 original session files in MP3 format and transferred to compact disc.  On or about December 17, 2010, plaintiff was provided with two additional original session files, in MP3 format, and transferred to compact disc.

13. Since December 17, 2010, plaintiff and his counsel have possessed substantial evidence demonstrating the inaccuracy of the allegations contained in plaintiff's complaint including, but not necessarily limited to, paragraph 10.

14. Continued prosecution of plaintiff's complaint after December 17, 2010, violates both the letter and spirit of Rule 11(b) of the Federal Rules of Civil Procedure, thereby entitling defendant to sanctions under Civil Rule 11(c).

## DEFAMATION

15. Defendant incorporates the prior paragraphs of this answer as if fully rewritten.

16.  Plaintiff was interviewed and participated in a story published by the Toledo Blade on November 28, 2010.

5

17. In doing so, plaintiff made a non-privileged false publication causing injury to defendant's reputation, exposing defendant to public hatred, contempt, ridicule, shame, disgrace, and/or affecting defendant adversely in his trade or business.

18. Plaintiff's actions constituted defamation per se, thus creating a presumption of damages, and eliminating the need to prove special damages.

## PRAYER

**WHEREFORE**, defendant requests relief as follows:

(1) Dismissal of Plaintiff's Complaint.

(2) A declaration from this Court the Defendant is the sole author and copyright owner of the works at issue.

(3) An accounting of funds earned by Plaintiff from the commercial exploitation of Defendant's songs.

(4) That funds wrongfully earned by Plaintiff be held in constructive trust for Defendant's benefit.

(5) The dismissal of Plaintiff's Complaint and/or other sanctions under Civil Rule 11 as this Court deems proper.

(6) An award of monetary damages against Plaintiff based on Plaintiff's defamation of Defendant.

(7) An award of court costs, attorney fees, and all other relief this Court deems proper.

## JURY DEMAND

Defendant requests a trial by jury on any issues so triable.

Respectfully submitted,

MANAHAN, PIETRYKOWSKI, DeLANEY & WASIELEWSKI

s/Larry P. Meyer
Larry P. Meyer (0030626)
414 N. Erie Street, P. O. Box 2328
Toledo, Ohio 43603
PH: (419) 243-6148
FAX: (419) 241-7759
*lmeyer@mpdwlaw.com*
Counsel for Defendant

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was filed electronically on the 23rd day of December, 2010. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Larry P. Meyer
Larry P. Meyer (0030626)
MANAHAN, PIETRYKOWSKI,
DeLANEY & WASIELEWSKI
414 N. Erie Street, P. O. Box 2328
Toledo, Ohio 43603
PH: (419) 243-6148
FAX: (419) 241-7759
*lmeyer@mpdwlaw.com*