IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


MICHAEL CORWIN,

                         Plaintiff,                    Case No. 3:10 CV 2163

       -vs-

                                               O   R   D   E   R

WESLEY JAMES QUINONEZ,

                         Defendant.

KATZ, J.

This is a copyright case in which the Court previously granted Defendant's motion for summary judgment.  In doing so, the Court denied Plaintiff's request for a declaration that he and Defendant are joint authors of certain songs played by their band, Rediscover.  The Court likewise granted Defendant's counterclaim for a declaration of sole authorship.  *See generally Corwin v. Quinonez*, 858 F. Supp. 2d 903 (N.D. Ohio 2012) (hereinafter, "Summ. J. Op.").[1]

The matter is currently before the Court on Plaintiff's motion for reconsideration, and on Defendant's motion for costs and attorney fees.  For the reasons stated herein, both motions are denied.

**I.  Plaintiff's Motion for Reconsideration**

On summary judgment, Defendant offered valid copyright registrations that name him as the sole author of the disputed songs.  Plaintiff offered no such registrations.  Accordingly, when considering whether Defendant is the sole author under the Copyright Act, 17 U.S.C. § 101, *et. seq.*, this Court relied, in part, on the Act's provision that:

---

[1]

Two Counts of Defendant's Third Amended Counterclaim remain pending: Count II for an Accounting, and Count III for a Constructive Trust.  *See* Def's. Third Am. Countercl., Doc. 23 at 2.

> In any judicial proceedings, the certificate of a registration made before or within five years after the first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court."

*Id*. at 410(c).  The Court considered Defendant's copyright registrations in accordance with Section 410(c)'s rubric, and in conjunction with all the other evidence presented on summary judgment.  The Court concluded that the undisputed material facts point to Defendant as the sole author of the songs.  *See* Summ. J. Op., 858 F. Supp. 2d at 913-14.

Plaintiff subsequently brought the instant motion for reconsideration pursuant to FED. R. CIV. P. 60(b)(2), offering, for the first time, copyright registrations that predate Defendant's. Plaintiff insists that these registrations entitle him to a declaration of joint authorship.  Rule 60(b)(2) relief is reserved, however, for instances of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  FED. R. CIV. P. 60(b)(2); *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998).  In the instant matter, Plaintiff fails to inform the Court how his newly offered copyright registrations–which he made nearly two years prior to the Court's ruling on summary judgment–constitute newly discovered evidence under Rule 60(b)(2).  The Court is therefore powerless to alter its judgment in spite of the registrations.  *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 1998) (Rule 60(b)(2) relief properly denied where moveant, without explanation, failed to introduce evidence publicly available prior to district court judgment).

Plaintiff also points to several affidavits he cited in his summary judgment briefs and urges that they entitle him to a declaration of joint authorship.  Despite this, Plaintiff offers no authority

compelling the Court to revisit the same evidence and arguments already adjudicated on summary judgment.

## II.  Defendant's Motion for Costs and Attorney Fees

Defendant's motion for costs and attorney fees is governed by Section 505 of the Copyright Act.  *See* 17 U.S.C. § 505 (governing "any civil action under this title"); *Severe Records, LLC v. Rich*, 658 F.3d 571, 581-82 (6th Cir. 2011) (declaratory judgment action regarding disputed claims of co-authorship is action arising under Copyright Act).  Section 505 provides that:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.  In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), the Supreme Court identified several non-exclusive factors that "may be used to guide courts' discretion, as long as the factors are 'faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner.'" *Id*. at 534 n.19.  "These factors include 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id*.  (quoting *Lieb v. Topstone Indus.*, 788 F.2d 151, 156 (3d Cir. 1986)); *see also Bridgeport Music v. Diamond Time*, 371 F.3d 883 (6th Cir. 2004) (discussing Section 505 factors).

In the Court's discretion, Defendant's motion for costs and attorney fees should be denied.  The Court sees nothing frivolous about Plaintiff's claim.  Rather, Plaintiff had an objectively reasonable motivation in seeking to clarify a dispute regarding the parties' authorship.  Moreover,

the difficulty of discerning the relevant legal authority, *see* Summ. J. Op., 858 F. Supp. 2d at 909-11, and the extent of factual analysis involved, *see id.* at 911-14, made for the type of close and difficult case in which this Court is not inclined to award costs and fees.

Lastly, the Court notes that Defendant–after making legal arguments on costs and fees, and after offering a line-by-line prayer for relief as to costs and fees–passingly requests that the Court order Plaintiff to sign letters and other unspecified documentation, purportedly to correct the registration records of Broadcast Music, Inc. ("BMI"),[2] as well as the records of the Copyright Office.  Defendant does so without offering any argument and without informing the Court of any authority for doing so.  Accordingly, Defendant's request is denied.

## III.  Conclusion

For the reasons stated herein, Plaintiff's motion for reconsideration is denied (Doc. 54) and Defendant's motion for costs and attorney fees is denied (Doc. 56).

IT IS SO ORDERED.

  s/ *David A. Katz*  
DAVID A. KATZ  
U. S. DISTRICT JUDGE

---

[2]

BMI is a performance rights society that manages licensing negotiations for the music of member composers.  *See* Summ. J. Op., 858 F. Supp. 2d at 906.

4