IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL CORWIN,

                Plaintiff,                Case No. 3:10 CV 2163

-vs-

                                                O R D E R

WESLEY JAMES QUINONEZ,

                Defendant.

KATZ, J.

The Court hereby provides notice of its intent to enter summary judgment, *sua sponte*, against Count II and Count III of Defendant's third amended counterclaim. Doc. 23. Defendant is granted leave for three weeks to brief his opposition and to provide additional relevant evidence, if any. Plaintiff is granted one week to reply to Defendant's response.

**I. Discussion**

"[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *see also Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 203-04 (6th Cir. 1998) (discussing *sua sponte* summary judgment).

In the instant copyright dispute, the Court previously granted Defendant's motion for summary judgment. In doing so, the Court denied Plaintiff's request for a declaration that he and Defendant are joint authors of certain songs played by their band, Rediscover. The Court likewise granted Defendant's counterclaim for a declaration of sole authorship. *See generally Corwin v. Quinonez*, 858 F. Supp. 2d 903 (N.D. Ohio 2012) (hereinafter, "Summ. J. Op."). What remains in the wake of summary judgment are two counts of Defendant's counterclaim: Count II, which

seeks an accounting of Plaintiff's profits derived from the songs, and Count III, which seeks a constructive trust to hold those profits. *See* Def's. Thrid Am. Countercl., Doc. 23 at 2.

The Court intends to enter summary judgment against Defendant because his counterclaims are no longer viable in light of his sole authorship. Specifically, while there is little Sixth Circuit case law in the area of joint authorship, *see* Summ. J. Op., 858 F. Supp. 2d at 909-11 (discussing dearth of Sixth Circuit jurisprudence and relying on other Circuits for joint authorship standard), other Circuits have held that the duty to account for profits derives only from a joint authorship relationship. *See Lindsay v. Wrecked & Abandoned Vessel R.M.S. Titanic*, No. 97-Civ.-9248 (HB), 1999 U.S. Dist. LEXIS 15837, at *22-*23, (S.D.N.Y. Oct. 13, 1999) (dismissing accounting claims for those defendants who cannot be construed as joint authors); *Ulloa v. Universal Music & Video Distrib. Corp.*, 303 F. Supp. 2d 409, 418 (S.D.N.Y. 2004) (citing *id.*) (dismissing accounting claim where plaintiff cannot prove joint authorship); *Quintanilla v. Texas TV*, 139 F.3d 494, 498 (5th Cir. 1998) (citing *Goodman v. Lee*, 78 F.3d 1007, 1012 (5th Cir. 1996)) (affirming dismissal because duty to account does not come from Copyright Act's proscription of infringement, but from principles governing the rights of co-ownership). Thus, given the Court's declaration of Defendant's sole authorship, Defendant's counterclaims for an accounting and for a constructive trust appear to be unavailable.

**II. Conclusion**

For the reasons stated herein, the Court hereby provides notice of its intent to enter summary judgment, *sua sponte*, against Count II and Count III of Defendant's third amended counterclaim. Doc. 23. Defendant is granted leave for three weeks to brief his opposition and to

provide additional relevant evidence, if any. Plaintiff is granted one week to reply to Defendant's response.

      IT IS SO ORDERED.

                                              S/ *David A. Katz*
                                              DAVID A. KATZ
                                              U. S. DISTRICT JUDGE