IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


MICHAEL CORWIN,

                              Plaintiff,                          Case No. 3:10 CV 2163
                   -vs-
                                                                  MEMORANDUM OPINION
WESLEY JAMES QUINONEZ,

                              Defendant.
KATZ, J.

        This Court previously granted Defendant's motion for summary judgment.  In doing so,

the Court denied Plaintiff's request for a declaration that he and Defendant are joint authors of

certain songs played by their band, Rediscover.  The Court likewise granted Defendant's

counterclaim for a declaration of sole authorship.  *See generally Corwin v. Quinonez*, 858 F. Supp.

2d 903 (N.D. Ohio 2012) (hereinafter, "Summ. J. Op.").  What remains in the wake of summary

judgment are two counts of Defendant's counterclaim: Count II, which seeks an accounting of

Plaintiff's profits derived from the songs, and Count III, which seeks a constructive trust to hold

those profits.  *See* Def's. Thrid Am. Countercl., Doc. 23 at 2.  The Court now enters summary

judgment, *sua sponte*, against Defendant's counterclaims.

**I. Discussion**

        "[D]istrict courts are widely acknowledged to possess the power to enter summary

judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with

all of her evidence."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *see also Salehpour v.*

*Univ. of Tenn.*, 159 F.3d 199, 203-04 (6th Cir. 1998) (discussing *sua sponte* summary judgment).

On January 2, 2013, this Court issued an order that notified Defendant of its intent to enter

summary judgment against his counterclaims, stated the basis for doing so, and provided leave for

three weeks to brief his opposition and to provide additional relevant evidence, if any.  Doc. 61.

Defendant did not filed anything in response.

The Court finds that Defendant's counterclaims for an accounting and a constructive trust

are no longer viable in light of his sole authorship.  Specifically, while there is little Sixth Circuit

case law in the area of joint authorship, *see* Summ. J. Op., 858 F. Supp. 2d at 909-11 (discussing

dearth of Sixth Circuit jurisprudence and relying on other Circuits for joint authorship standard),

other Circuits have held that the duty to account for profits derives only from a joint authorship

relationship.  *See Lindsay v. Wrecked & Abandoned Vessel R.M.S. Titanic*, No. 97-Civ.-9248

(HB), 1999 U.S. Dist. LEXIS 15837, at *22-*23, (S.D.N.Y. Oct. 13, 1999) (dismissing accounting

claims for those defendants who cannot be construed as joint authors); *Ulloa v. Universal Music &

Video Distrib. Corp.*, 303 F. Supp. 2d 409, 418 (S.D.N.Y. 2004) (citing *id.*) (dismissing

accounting claim where plaintiff cannot prove joint authorship); *Quintanilla v. Texas TV*, 139 F.3d

494, 498 (5th Cir. 1998) (citing *Goodman v. Lee*, 78 F.3d 1007, 1012 (5th Cir. 1996)) (affirming

dismissal because duty to account does not come from Copyright Act's proscription of

infringement, but from principles governing the rights of co-ownership).  Thus, given the Court's

declaration of Defendant's sole authorship, Defendant's counterclaims for an accounting and for a

constructive trust are precluded.

**II.  Conclusion**

For the reasons stated herein, the Court enters summary judgment, *sua sponte*, against

Count II and Count III of Defendant's third amended counterclaim.  Doc. 23.  Case closed.

IT IS SO ORDERED.

                                        s/ *David A. Katz*
                                        DAVID A. KATZ
                                        U. S. DISTRICT JUDGE